

# The Attorney General of Texas

July 19, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Charles D. Houston
County Attorney
P. O. Box 83
Bellville, Texas 77418

Opinion No. H- 1210

Re: Nepotism: Whether commissioners court may amend salary provision of city-county contract where commissioner's daughter is employed by city pursuant to contract.

Dear Mr. Houston:

You inform us that Austin County has entered into a contract with the City of Wallis, whereby the city agreed to operate the county-owned ambulance, and the county agreed to reimburse the city for all costs of operation. Under the contract, the city is to provide an ambulance supervisor at a stated salary. The city hired the daughter of an Austin County commissioner as ambulance supervisor without any vote or other action by the commissioners court. Due to the fact that another employee of the ambulance service has received a raise, the ambulance supervisor has also requested a raise. The Austin County Commissioners Court has refused to pass an order modifying the contract as to salary, believing that to do so would violate the nepotism statute, article 5996a, V.T.C.S. You ask whether, on the facts you have provided, the action of the commissioners court to amend the agreement and reimburse the city for additional salary would violate the nepotism law.

Article 5996a, V.T.C.S., provides in part:

> No officer of this State nor any officer of any district, county ... nor any officer or member of any State district, county, city, school district or other municipal board ... shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board,

the Legislature, or court of which such person so appointing
or voting may be a member, when the salary, fees, or
compensation of such appointee is to be paid for, directly or
indirectly, out of or from public funds . . . .

In cases where the commissioners court authorizes a position but has no control
over the person to be selected, we have said that article 5996a, V.T.C.S., is not
violated by the appointment of a commissioner's relative to that position. See
Attorney General Opinion H-697 (1975); Letter Advisory No. 79 (1974). Under its
contract with the city, Austin County has no right to control the employment of
the ambulance supervisor. Although the commissioners court sets the salary by
approving the contract provision, it cannot require that the salary be paid to a
particular person. Therefore, we do not believe the court's action in amending the
salary provision will constitute the appointment of the commissioner's daughter or
a confirmation of her appointment. Thus, their action will not violate the nepotism
law, barring trading or other subterfuge designed to avoid its operation. See
V.T.C.S. art. 5996c; Attorney General Opinions O-3718 (1941), O-2010 (1940), O-369
(1939).

## SUMMARY

The commissioners court of Austin County may amend the
salary provision of its contract with the City of Wallis, even
though the amendment will raise the salary of a commis-
sioner's daughter employed by the city. Since the county
cannot control the selection of employees by the city under
the contract, the court's action does not violate the
nepotism statute, article 5996a, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn